UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROBERT K. E.,

            Plaintiff,

   v.

COMMISSIONER OF SOCIAL SECURITY,

            Defendant.

CASE NO. 2:24-cv-01344-DWC

ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS

Plaintiff filed this action under 42 U.S.C. § 405(g) seeking judicial review of Defendant's denial of his applications for supplemental security income benefits ("SSI") and disability insurance benefits ("DIB").[1] After considering the record, the Court concludes the Administrative Law Judge ("ALJ") erred in her evaluation of Plaintiff's testimony about the severity of his symptoms. Had the ALJ properly considered this testimony, Plaintiff's residual functional capacity ("RFC") may have included additional limitations, or the ultimate

---

[1] Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 4.

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 1

determination of disability may have changed. The ALJ's error is, therefore, not harmless, and this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner of Social Security ("Commissioner") for further proceedings consistent with this order.

### I. Factual and Procedural History

Plaintiff protectively filed claims for DIB and SSI in November 2020, alleging disability beginning on August 12, 2018. Dkt. 6, Administrative Record ("AR") 222–23. His applications were denied at the initial level and on reconsideration. AR 65–66, 85, 92. He requested a hearing before an ALJ, which took place on September 21, 2023. AR 32–64, 119. Plaintiff was represented by counsel at the hearing. *See* AR 32. On October 31, 2023, the ALJ issued an unfavorable decision denying benefits. AR 14–31. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. AR 1–6, 220–21; *see also* 20 C.F.R. §§ 404.981, 416.1481; *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1231 (9th Cir. 2011). Plaintiff appealed to this Court. *See* Dkt. 1.

### II. Standard of Review

When reviewing the Commissioner's final decision under 42 U.S.C. § 405(g), this Court may set aside the denial of social security benefits if the ALJ's findings are based on legal error or are not supported by substantial evidence in the record. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)). "We review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely." *Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014). "[H]armless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012), *superseded on other grounds by* 20 C.F.R. § 404.1502(a).

1  Generally, an error is harmless if it is not prejudicial to the claimant and is "inconsequential to
2  the ultimate nondisability determination." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050,
3  1055 (9th Cir. 2006); *see also Molina*, 674 F.3d at 1115.

### III.   Discussion

Plaintiff contends the ALJ harmfully erred in evaluating Plaintiff's testimony about the severity of his symptoms. Dkt. 8 at 1. He contends the proper remedy for this error is remand for further proceedings. *Id.*

"An ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective pain or symptoms is credible." *Garrison*, 759 F.3d at 1014. At the first step, the ALJ determines whether the claimant has presented objective medical evidence of an underlying impairment that could reasonably be expected to produce the pain or other symptoms alleged. *Id.* This evidence need not validate the severity of the alleged symptoms; rather, "the medical evidence need only establish that the impairment could reasonably be expected to cause some degree of the alleged symptoms." *Smith v. Kijakazi*, 14 F.4th 1108, 1111 (9th Cir. 2021).

If the claimant satisfies this first step and there is no affirmative evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of [their] symptoms only by offering specific, clear and convincing reasons for doing so." *Id.* at 1112 (quoting *Garrison*, 759 F.3d at 1014–15). "This standard is 'the most demanding required in Social Security cases.'" *Id.* (quoting *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)). To meet this standard, ALJs must "identify which testimony [they] found not credible and why." *Brown-Hunter v. Colvin*, 806 F.3d 487, 489 (9th Cir. 2015).

The Ninth Circuit has reaffirmed that the clear and convincing standard requires the ALJ to make "specific finding[s]:"

> [A]n ALJ does not provide specific, clear, and convincing reasons for rejecting a claimant's testimony by simply reciting the medical evidence in support of his or her residual functional capacity determination. To ensure that our review of the ALJ's credibility determination is meaningful, and that the claimant's testimony is not rejected arbitrarily, we require the ALJ to specify which testimony she finds not credible, and then provide clear and convincing reasons, supported by evidence in the record, to support that credibility determination.

*Smith*, 14 F.4th at 1112 (quoting *Brown-Hunter*, 806 F.3d at 489).

In his initial application, Plaintiff alleged disability due to inability to eat, nausea, fatigue, weight loss, vomiting, and abdominal pain, causing physical weakness. AR 247. In a function report dated July 10, 2021, Plaintiff wrote his inability to eat caused extremely low energy and exhaustion, he was unable to be active for extended periods of time without feeling very weak and faint, he could not drive moderate distances without at least one stop to rest, and he experienced regular stomach and abdominal pain. AR 254, 261. Plaintiff stated he lived with family, prepared his own meals and did laundry, and had no problems with personal care. AR 254–56. He was able to drive, shop in stores once or twice per week, and handle money. AR 257. Plaintiff stated he socialized with friends and watched television but was no longer able to do any activities that required "energy usage," such as playing sports or going to concerts. AR 258. He indicated limitations in lifting, standing, walking, stair climbing, and sitting upright, and he could walk for ten to fifteen minutes before needing to rest for about five minutes. AR 259.

In another function report dated December 17, 2021, Plaintiff claimed his conditions drained his energy because of his inability to eat, and sudden urges to vomit or use the bathroom limited his ability to work. AR 271, 278. He stated he could not tolerate more than ten minutes of activity, and there were days when all he could do was sleep for the whole day. AR 272. He described similar daily activities but stated he did not have the energy to lift, walk, stand, or

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 4

1  climb stairs for long. AR 272–76. He stated he could walk for about ten minutes before needing
2  to rest for ten to twenty minutes. AR 276.

3        The ALJ found Plaintiff had the severe impairments of gastroesophageal reflux disease
4  ("GERD") and vitamin D and B12 deficiency. AR 20. The ALJ found Plaintiff's medically
5  determinable impairments could reasonably be expected to cause his alleged symptoms, but
6  Plaintiff's statements about the intensity, persistence, and limiting effects of those symptoms
7  were not entirely consistent with the evidence in the record. AR 22. Although followed by a
8  lengthy summary of Plaintiff's medical records, the only explanation the ALJ provided for this
9  finding was: "The medical evidence supports the presence of a medical impairment pertaining to
10 the claimant's gastric condition, though does not substantiate the allegations he states regarding
11 its [effect] upon his functional abilities or his capacity to maintain full-time employment." *See*
12 AR 22–24.

13       Lack of supportive medical evidence "is a factor that the ALJ can consider in [their]
14 credibility analysis[,]" but the ALJ must still "specify what testimony is not credible and identify
15 the evidence that undermines the claimant's complaints—'[g]eneral findings are insufficient.'"
16 *Burch v. Barnhart*, 400 F.3d 676, 680–81 (9th Cir. 2005) (quoting *Reddick v. Chater*, 157 F.3d
17 715, 722 (9th Cir. 1998)). Here, the ALJ failed to provide anything beyond general findings to
18 substantiate her conclusion that the medical evidence was inconsistent with Plaintiff's testimony.
19 This was insufficient to constitute a specific, clear, and convincing reason to discount the
20 testimony. *See Brown-Hunter*, 806 F.3d at 489 ("[A]n ALJ does not provide specific, clear, and
21 convincing reasons for rejecting a claimant's testimony by simply reciting the medical evidence
22 in support of his or her residual functional capacity determination."); *Blakes v. Barnhart*, 331
23 F.3d 565, 569 (7th Cir. 2003) ("We require the ALJ to build an accurate and logical bridge from
24

1 the evidence to her conclusions so that we may afford the claimant meaningful review of the
2 SSA's ultimate findings.").

3 Defendant argues the ALJ's findings discounting Plaintiff's testimony were also based on
4 inconsistencies with evidence of effective symptom management and Plaintiff's daily activities,
5 in addition to the objective medical evidence in the record. Dkt. 10 at 1. But, as noted above, the
6 only specific reason the ALJ gave for discounting Plaintiff's testimony was inconsistency with
7 the medical evidence. The Court cannot "affirm the decision of an agency on a ground the
8 agency did not invoke in making its decision." *Stout*, 454 F.3d at 1054. "Long-standing
9 principles of administrative law require us to review the ALJ's decision based on the reasoning
10 and actual findings offered by the ALJ—not *post hoc* rationalizations that attempt to intuit what
11 the adjudicator may have been thinking." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219,
12 1225 (9th Cir. 2009). Therefore, the Court cannot affirm the ALJ's decision based on these
13 additional reasons that were not cited by the ALJ.

14 Because the ALJ failed to "specify what testimony is not credible and identify the
15 evidence that undermines the claimant's complaints[,]" *Burch*, 400 F.3d at 680–81, she did not
16 provide any sufficiently specific, clear, and convincing reason for rejecting Plaintiff's testimony.
17 This error was not harmless. Had the ALJ properly evaluated the Plaintiff's testimony, the RFC
18 may have included additional limitations, or the ultimate determination of disability may have
19 changed. Thus, remand is appropriate.

20 **IV.     Conclusion**

21 Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded
22 Plaintiff was not disabled beginning August 12, 2018. Accordingly, Defendant's decision to
23
24

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 6

1  deny benefits is reversed and this matter is remanded for further administrative proceedings in

2  accordance with the findings contained herein.

3      Dated this 7th day of January, 2025.

David W. Christel
United States Magistrate Judge